### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AERRINGTYN W., by and through her parent, AMIE W., of Lake Ariel, Pa. 18436 : <br><br> and : <br><br> AMIE W., individually, and on her own behalf : <br><br> Plaintiffs : <br> v. : <br><br> WESTERN WAYNE SCHOOL DISTRICT <br> 1970 A Easton Turnpike <br> Lake Ariel, Pa. 18436 : <br><br> Defendant : | Civil Action <br><br> No. |

## COMPLAINT

### I. Preliminary Statement

1. Aerringtyn W. ("Aerringtyn"), a minor child with disabilities, and her parent, Amie W. ("Parent") (collectively "Plaintiffs" or "Family"), bring this action to recover reasonable attorney's fees and costs as the prevailing party in a special education due process hearing. Aerringtyn is a child with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its federal and state implementing regulations. She is a qualified handicapped person under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and its federal and state implementing regulations.

2. After an administrative due process hearing by the Pennsylvania Department of Education, a Pennsylvania Special Education Hearing Officer determined that the Defendant Western Wayne School District ("Defendant" or the "District") denied Aerringtyn a Free

Appropriate Public Education ("FAPE") under IDEA and Section 504. *Aerringtyn W. v. Western Wayne School District*, ODR No. 26289-21-22KE (January 30, 2023) ("Decision") (attached, as redacted, as Exhibit A). The Family successfully proved that Aerringtyn was denied a FAPE over three school years and that her IEP must be revised to rectify its deficiencies.

## II. Parties

3. Aerringtyn was born in 2014. She was and is at all relevant times a resident of the Western Wayne School District.

4. Amie W. is Aerringtyn's mother with whom Aerringtyn resides within the geographic boundaries of the District.

5. The District is located at 1970 A Easton Turnpike, Lake Ariel, Pa. 18436. The District is the recipient of several sources of federal funds and is a Local Educational Agency ("LEA") under Pennsylvania law for the provision of educational services to resident children under IDEA, Section 504, and Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code Chapters 14 and 15; *see also, e.g.*, 24 P.S. Chapter 13.

## III. Jurisdiction and Venue

6. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because it is a civil action arising under IDEA and Section 504, which are laws of the United States.

7. The School District's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

8.  The Family has exhausted its administrative remedies as required under 20 U.S.C. § 1415(i), having timely pursued a special education due process hearing.

9.  The Family prevailed at the due process hearing when the Hearing Officer concluded that the District denied Aerringtyn a FAPE for the 2020-2021, 2021-2022, and for a portion of the 2022-2023 school years and ordered substantial declaratory and equitable relief.

10. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B), 34 C.F.R. § 300.517, and 29 U.S.C. § 794a which permit Plaintiffs to recover reasonable attorney's fees when they prevail in an action or proceeding; and 28 U.S.C. §§ 2201, 2202, providing for declaratory and any further relief deemed necessary and proper.

## IV. **Facts Supporting Liability**

11. Aerringtyn is an eight-year-old student with disabilities including Specific Learning Disabilities in multiple academic areas and Speech and Language Impairment.

12. Aerringtyn is a child identified as having a disability under IDEA and Section 504.

13. The Family filed a due process complaint on March 29, 2022, concerning both past and prospective educational violations by the District.

14. After a due process hearing that occurred over four hearing sessions between August 2022 and October 2022, the Hearing Officer issued his decision in favor of the Family on January 30, 2023.

15. The Hearing Officer determined that: (a) the District's special education evaluation was procedurally deficient which denied Aerringtyn a FAPE and led to substantive violations of IDEA and Section 504 (Decision, 24-25); (b) the District failed to appropriately consider the results of the Family's independent educational evaluations (*id.* at 27); (c) the District's IEPs were

not appropriately challenging or reasonably calculated to enable Aerringtyn to make meaningful progress; (d) the IEPs failed to include goals and specially designed instruction in areas of need and failed to include measurable present levels of academic and functional performance (*id.* at 29-33); (e) the District's delay in providing special education resulted in loss of educational opportunities for Aerringtyn to participate in regular classrooms (*id.* at 29-30); and (f) the District denied Parent meaningful participation in determining the supports and services Aerringtyn requires (*id.* at 33).

16. The Hearing Officer ordered as relief: four hours per school day of compensatory education from the date of Aerringtyn's District evaluation through the end of the 2020-2021 school year as well as four hours per day for the 2021-2022 school year, extended school year ("ESY") 2022, and the 2022-2023 school year up until a revised program is created for Aerringtyn. Decision, 33-34.

17. The Family is the prevailing party, having obtained significant substantive relief in the due process proceedings, and is entitled to an award of statutory attorney's fees and costs, including the time spent litigating the entitlement to attorney's fees. *Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 268 (3d. Cir. 2002).

18. The Plaintiff has attempted to resolve the issues raised in this Complaint, however the Defendant has refused to pay reasonable prevailing party fees and costs.

19. The Family will file a motion for attorney's fees and costs at a date fixed by the Court.

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii);

3. Award Plaintiffs reasonable attorney's fees and costs for both the due process proceedings and the present action; and

4. Grant such other relief as this Court deems proper.

Respectfully submitted,

/s/ Heather M. Hulse
Heather M. Hulse, Esquire
PA ID No. 164134

/s/ Jacqueline C. Lembeck
Jacqueline C. Lembeck, Esquire
PA ID No. 314535

McANDREWS, MEHALICK, CONNOLLY
HULSE & RYAN P.C.
2 West Olive Street
Scranton, PA 18508

30 Cassatt Avenue
Berwyn, PA 19312
(610) 648-9300 (phone)
(610) 648-0433 (fax)
Attorneys for Plaintiffs